IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONNA L. PEACE

    Plaintiff,

v.                                                                             CIV. No. 15-83 KBM/SCY

KATIE MACSALKA, *et al*,

    Defendants.

## INITIAL SCHEDULING ORDER

       This case is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court will apply to this lawsuit.

       The parties, appearing through counsel or *pro se*, will "meet and confer" no later than **March 26, 2015**, to discuss the nature and basis of their claims and defenses, the possibility of a prompt resolution or settlement, and to formulate a provisional discovery plan. Fed. R. Civ. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The parties will cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ("JSR") which follows the sample JSR available at the Court's website.[1] The parties will fill in the proposed dates. Plaintiff, or Defendant in removed cases, is responsible for filing the JSR by **April 2, 2015**. The Court will consider the dates proposed in the JSR and, following the Initial Scheduling Conference, issue an Order that either adopts or modifies the JSR.

---

[1] Pursuant to Administrative Order No. 06-173, the JSR replaces and supersedes the Provisional Discovery Plan and the Initial Pretrial Report, effective January 2, 2007. Please visit the Court's website, www.nmcourt.fed.us to download the standardized *Joint Status Report and Provisional Discovery Plan* form.

Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) must be made within fourteen (14) days of the meet-and-confer session.

A Rule 16 scheduling conference will be held telephonically on **April 16, 2015 at 2:00 p.m.** The parties shall call Judge Yarbrough's "Meet Me" line at 505-348-2277 to connect to the proceedings.

At the Rule 16 scheduling conference, counsel must be prepared to discuss initial disclosures; discovery needs and scheduling; the process for resolving discovery disputes;[2] all claims and defenses; the use of scientific evidence and whether a *Daubert*[3] hearing is needed; and the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2). We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Client attendance is not required. If service on all parties is not complete, plaintiff(s) appearing through counsel or pro se, is (are) responsible for notifying all parties of the content of this Order.

**IT IS SO ORDERED.**

/s/ Steven C. Yarbrough
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**

---

[2] The Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to Fed. R. Civ. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

[3] *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).